AO 440 (Rev. 12/09)  Summons in a Civil Action

JUDGE KAPLAN

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | |
|---|---|
| FILM CHEST MEDIA GROUP, INC., | ) |
| ——————————————————— | ) |
| *Plaintiff* | ) |
| v. | ) |
| LISA MICHELLE HYDE and | ) |
| LMH ENTERTAINMENT | ) |
| ——————————————————— | ) |
| *Defendant* | ) |

Civil Action No.

**14 CV 0368**

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Lisa Michelle Hyde and LMH Entertainment
c/o Beigelman, Feldman, et. al.
100 Wall Street
New York, NY 10005


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     Gregory A. Sioris
303 Fifth Avenue
New York, NY 10016-6644
(212)840-2644


If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

*CLERK OF COURT*

Date: _____01/21/2014_____

*Signature of Clerk or Deputy Clerk*

JUDGE KAPLAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

FILM CHEST MEDIA GROUP, INC.,

      Plaintiff,

  -against-

LISA MICHELLE HYDE and
LMH ENTERTAINMENT,

      Defendants.
------------------------------x

**PLAINTIFF DEMANDS TRIAL BY JURY**

c̶ 1 M/L A CV -0368

Docket No.

RECEIVED
JAN 2 1 2014
U.S.D.C. S.D.N.Y.
CASHIERS

  **PLAINTIFF**, through its attorney Gregory A. Sioris, Esq., complains of the defendants and alleges as follows:

1. This action is brought in order to halt defendants one and several from claiming ownership or exclusive rights under copyright to the motion picture *The Candy Snatchers* or *Candy Snatchers* (hereinafter the picture).  The picture was produced in the United Sates on or about 1973 and as of the date of this complaint has not been registered for statutory copyright protection.

<u>**JURISDICTION AND VENUE**</u>

2. This suit seeks declaratory and equitable relief pursuant to the Copyright Laws of the United States, Title 17 U.S.C. sections 101, *et. seq.* (the Copyright Act). This Court has jurisdiction over this action based on 28 U.S.C. sections 1331, 1338(a) and 1338(b), and the common law of the State of New York regarding the plaintiff's claim under state law.

3.   Venue is properly placed in the Southern District of New York under 28 U.S.C. sections 1391 and 1400(a), since plaintiff is a Delaware corporation headquartered and doing business in New York, NY, with the majority of the facts of this dispute arising in New York, NY.

<u>**THE PARTIES TO THE ACTION**</u>

4.   Plaintiff is in the business of distributing and producing motion pictures and other visual arts and distributing these articles worldwide.  Among the plaintiff's clients are broadcast and cable television networks to which it licenses works that it produced or works that it has been hired to license on behalf of motion picture and television producers.  The plaintiff also licenses and exploits works which have been dedicated to the public.  Among the plaintiff's clients are the Turner Broadcast System (TBS) and Turner Classic Movies (TCM) (hereinafter Turner) to which plaintiff has licensed and is licensing motion pictures.

5.  Defendant Lisa Michelle Hyde (Hyde) is upon information and belief a natural person and resident and domiciliary of the State of California.  Defendant LMH Entertainment (LMH) is upon information and belief a non incorporated entity, and, in effect, the alter ego of defendant Hyde.  Defendants Hyde and LMH for purposes of this complaint have at all times been represented and acted through the law firm of Beigelman, Feldman, Golinsky, Reed + Senouf, PLLC (Beigelman) of New York, NY and which as of the date

2

of this complaint recited below has not disclosed the defendants'
address(es).

### FACTS OF THE ACTION

6.  Although created during the 1970's the picture was never
registered for statutory copyright protection under the 1909
Copyright Act.  A search of the records of the Copyright Office of
the Library of Congress does not reference any copyright
registration, copyright renewal or application in progress for
this motion picture.  Despite not being registered for copyright
protection, the picture nonetheless has been widely exhibited in
theaters since its creation.  Newspapers in several U.S. cities
have carried advertisements for the picture's theatrical
exhibitions, with such advertisements appearing in editions of *The
Washington Post* on June 12, 1973, and the *Chicago Tribune* on
December 6, 1974 and October 30, 1976.

7.  In addition the picture has been placed in exchanges and
widely distributed since its creation, with copies of the picture
available for sale in media such as DVD and video cassette in
stores and on Internet websites such as eBay.  As of the date of
this complaint recited below, the picture is being freely
exhibited on *YouTube* at http://www.youtube.com/watch?v=MobZvX4cxT4
and can be freely copied onto recordable media for further
dissemination.

8.  Beigelman wrote plaintiff on October 17, 2013 claiming that

"The Picture was published and is currently in its (automatic) renewal period". "Therefore, we [defendants] hereby demand that you [plaintiff] cease and desist from any activities relating to and/or transacting on behalf of attendant ownership, license, sale, lease, rental, broadcast or any other exploitations of the Picture". Beigelman's letter of October 17, 2013 was copied to Turner Entertainment Networks/Turner Classic Movies (Turner). Turner is a licensee of plaintiff's, which licensed the picture from plaintiff for exhibition on Turner's cable television network.

9.   Plaintiff answered defendants' letter on October 31, 2013. Plaintiff informed defendants that after conducting a records search at the Copyright Office there were no registrations, renewals and/or in process submissions regarding the picture found since the picture's release date in June 1973 by a General Film Corp. In its October 31, 2013 letter plaintiff requests copies of whatever evidence defendants relied upon to claim ownership of rights in the picture, and, as of the date of this complaint recited below, defendants have failed to provide any proof to substantiate their claims of ownership of any rights under copyright (or otherwise) in and to the picture.

10.  Beigelman answered plaintiff's October 31, 2013 letter by letter dated November 22, 2013, with the reference "**Second Cease & Desist Notice".** Beigelman claims that "my client is the current

4

and has been the sole copyright claimant in and to the Picture".

11. Plaintiff answered Beigelman's November 22, 2013 letter on November 22, 2013 and again pointed out that "You fail to indicate what alleged 'rights' your clients have". Plaintiff wrote that the picture is "a work dedicated to the public" and placed defendants on notice that if they interfered with plaintiff's right to exploit the picture suit was forthcoming.

12. Defendants through Beigelman answered plaintiff's counsel's November 22 letter on December 2, 2013 and other than repeating their prior allegations, failed to provide evidence of owning the picture's copyright or of any exclusive rights in the picture so as to be able to substantiate the claims made in Beigelman's letter dated November 22, 2013. The plaintiff's contention that no copyright registration or renewal is present in the Copyright Office has never been rebutted, let alone challenged by the defendants.

13. Plaintiff's counsel answered Beigelman's letter dated December 2, 2013 on December 5, 2013 and stated "You have not proven that your client is the proprietor of any rights under copyright to *Candy Snatchers*". Plaintiff's contention has never been rebutted or challenged by the defendants.

14. Upon information and belief as a result of defendants' claims of ownership as communicated to Turner by Beigelman's letter dated

October 17, 2013, Turner withdrew the picture from exhibition on
its cable television network on November 23, 2013.  Turner advised
plaintiff's representatives that it was doing so based on the
defendants' claims as recited in Beigelman letter dated October
17, 2013.  An advertisement at Turner's web site featured the
picture prior to its exhibition,

http://www.tcm.com/underground/article.html?oid=916118.

15.   Defendants' claim of ownership of some undefined "rights" in
the picture is a continuing violation of the plaintiff's absolute
right to exploit a picture that has been dedicated to the public,
free of any ownership of rights under copyright.

16.   Unless the defendants are enjoined by this Court, it is
believed that they intend on making further willful or other
reckless claims of copyright ownership thereby harming the rights
of plaintiff and others to freely exploit the picture in whatever
media the plaintiff and its customers choose.

17.  The defendants' false claims of copyright ownership to persons
such as Turner and/or other exhibitors and clients of the
plaintiff, has, and will, destroy or otherwise substantially
diminish the plaintiff's reputation in the market.  Such false
claims have caused, are causing and will continue to cause, a loss
of future licensing revenues to plaintiff in an amount yet to be
determined, in that the said false claims have caused and will
likely cause plaintiff to loose sales as regards the exploitation

of this picture.  Plaintiff has no adequate remedy at law to
address this conduct by defendants.

18. By making claims defendants intentionally and willfully
disregard the fact that the picture has been sold and distributed
since the 1970's without complying with federal copyright laws.
The defendants and their counsels are acting deliberately and/or
in reckless disregard of this fact despite plaintiff having
advised them that no copyright registration for the picture has
been filed with the Copyright Office, let alone has a registration
been perfected.  These facts are obvious to any reasonable person
who has endeavored to check the Copyright Office's public records.

## FIRST CLAIM

19.  Plaintiff repeats and realleges paragraphs 1 through 18.
herein.

20.  Defendants' claims of ownership rights in the picture are
being made in willful disregard of the fact that the picture, has
been widely advertised, distributed, sold and exhibited since its
creation in 1973 despite having never being registered for
protection under the 1909 Copyright Act.  The 1909 Copyright Act
was the controlling law in effect in 1973 and it determines the
ownership of rights under copyright as and of the date of the
picture's creation and general publication.

21.  In view of the facts recited in this complaint, the
defendants' continued and ongoing assertion of owning rights in

the picture under copyright constitute profound and willful
fabrications, made for the purpose of trying to halt the
distribution and exploitation of a work dedicated to the public.
Alternatively, defendants are making ersatz copyright ownership
claims in an attempt to extract licensing fees from plaintiff and
others with regard to the picture's exhibition.

22.  Plaintiff seeks a judicial declaration declaring that the
defendants own no rights in the picture as based on the copyright
laws of the United States.


<u>**SECOND CLAIM**</u>

23**.**  Plaintiff repeats and realleges paragraphs 1 through 22
herein.

24.  Since the picture has never been registered for statutory
copyright protection in the United States but has nonetheless been
widely advertised, sold and distributed in several media
continuously since its creation, the picture has not complied with
the provisions of the 1909 Copyright Act in order for it to be
protected under the copyright laws.

25.  As a result of the picture's failure to comply with the
prescriptions of the 1909 Copyright Act, plaintiff seeks an Order
judicially declaring and adjudging that the picture has been
dedicated to the public, as and of June 12, 1973, the date which
it was advertised for theatrical exhibitions.

### THIRD CLAIM

26.   Plaintiff repeats and realleges paragraphs 1 through 25 herein.

27.  Plaintiff seeks an Order from this Court enjoining and restraining defendants and any other person(s) acting on their behalf who claim that defendants own rights under copyright in and to the picture.  As part of the Order, plaintiff also seeks that defendants are preliminarily, temporarily and permanently thereafter, restrained and enjoined from contacting persons in the United States and/or its territories demanding that such persons cease advertising, exhibiting, distributing or making other disseminations of the picture based on defendants' claim that they own the picture's copyright or exclusive rights under copyright in and to the picture.

### FOURTH CLAIM

28.  Plaintiff repeats and realleges paragraphs 1 through 27 herein.

29.  The facts as recited herein indicate that this picture has been dedicated to the public.  Plaintiff seeks monetary damages based on revenues that plaintiff has lost as a result of defendants falsely claiming rights of copyright ownership in and to the picture.  Defendants have tortiously interfered with the plaintiff's contractual relations and have induced breaches of contract for the picture's exhibition as between plaintiff and its

9

buyers, such as the Turner cable television network.  As result of the defendants' interference with exhibition contracts that plaintiff has entered into these contracts have been repudiated or cancelled by the buyers directly and proximately causing plaintiff monetary damages.

30.  Although the precise amount of monetary damages cannot be accurately calculated at this time due to the extent and severity of defendants' interference, plaintiff prays for a judgment based on the amount of revenues lost as a result of defendants' interference with its contractual relations.

<u>**FIFTH CLAIM**</u>

31.  Plaintiff repeats and realleges paragraphs 1 through 30 herein.

32.  Should plaintiff prevail in this suit, it seeks the reasonable attorney's fees and other costs connected to the prosecution of this action, as allowed under the Copyright Act. Plaintiff additionally seeks pre-judgment interest on any damage award that the Court may render.

33.  Plaintiff, to the extent permitted by law, *demands* a trial by jury.

**WHEREFORE,** the plaintiff prays for a judgment and other relief as follows:

**(i)** For a declaration by the Court that the defendants do not own any rights under copyright in the United States in and to the

**(vi)** A trial by jury and any other and further relief this Court deems just and proper under the circumstances herein.

Dated: New York, NY
      January 21, 2014

                                   Gregory A. Sioris
                                   Attorney for Plaintiff
                                   303 Fifth Avenue, Suite 506
                                   New York, NY 10016-6644
                                   (212)840-2644

**To:** LISA MICHELLE HYDE and
    LMH ENTERTAINMENT
    c/o Beigelman, Feldman, et. al.
    100 Wall Street, 23rd Floor
    New York, NY 10005

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

FILM CHEST MEDIA GROUP, INC.,

                    Plaintiff,

        -against-                     Docket No. 14 Civ. 0368 (LAK)


LISA MICHELLE HYDE and
LMH ENTERTAINMENT,

                    Defendants.
------------------------------x

## DEMAND FOR INTERROGATORIES

Pursuant to F.R.C.P. 26 and 33 and Local Rules 26.3 and 33.3 plaintiff demands you serve on its counsel within 30 days from the date hereof the following items, as pertain to the complaint in this action and specifically to the work described therein in paragraph 1 of plaintiff's complaint, to be provided in writing by the defendants named and served herein:

1.  The name(s) and address(es) of all persons connected to the within suit that has knowledge regarding the motion picture complained of herein.

2.  The name and address of the custodian of records of the hereinabove captioned defendants.

5.  The location, with the precise street address and office suite number (if applicable), where all the physical and/or electronic records of the defendants are kept and maintained.

6.  Describe what insurance agreements or other contracts of

indemnification and/or warranty exist with regard to insuring
defendants against damages arising from the complained of acts and
omissions as stated in the plaintiff's complaint.

Dated: New York, NY
      January 21, 2014

                           Gregory A. Sioris
                           Attorney for Plaintiff
                           303 Fifth Avenue, #506
                           New York, NY 10016-6644
                           (212)840-2644

**To:**    LISA MICHELLE HYDE and
        LMH ENTERTAINMENT
        c/o Beigelman, Feldman, et. al.
        100 Wall Street, 23rd Floor
        New York, NY 10005

14